**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**

**CENTRAL DIVISION**

| | |
|---|---|
| DANIEL R. HIRST,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>Defendant. | **MEMORANDUM DECISION and ORDER DENYING MOTION TO SUBMIT SUPPLEMENTAL BRIEFING and ORDER REMANDING CASE UNDER SENTENCE SIX OF 42 U.S.C. § 405(g)**<br><br>Case No. 2:09-cv-00825-DN<br><br>Magistrate Judge David Nuffer |

Plaintiff Daniel R. Hirst moves the court for leave to submit a supplemental brief[1] because a subsequent favorable ruling by the Commissioner creates a conflict and overlaps the time period in this case. The Commissioner objects[2] to the request as procedurally incorrect and unnecessary. This case is before the magistrate judge by consent of the parties.[3] The court agrees that a supplemental brief under Rule 15(d)[4] is not the appropriate mechanism to reconcile this case. However, based on the information provided by both parties when briefing the current motion, the court finds that a remand under sentence six of 42 U.S.C. § 405(g) is appropriate.

**Discussion**

Plaintiff Hirst moves for leave to file a supplemental brief under Rule 15(d) because a

---

[1] Plaintiff's Motion to Submit Supplemental Brief (Motion), docket no. 18, filed November 15, 2010.

[2] Defendant's Opposition to Plaintiff's Motion to Submit Supplemental Brief (Opposition), docket no. 19, filed November 16, 2010.

[3] 28 U.S.C. § 636(c); *see also* Consent to Jurisdiction, docket no. 4, filed October 20, 2009.

[4] Fed. R. Civ. P. 15(d).

subsequent ruling by a different Administrative Law Judge (ALJ) found Hirst disabled as of

March 28, 2009, three days earlier than the March 31, 2009 decision at issue in this case that

found he was not disabled. Hirst asserts that the overlapping time frame in the two decisions

presents a clear conflict because the period at issue in a subsequent favorable decision "is limited

to the period beginning with the day after the date of the Commissioner's final decision on the

prior claim."[5]

Hirst also argues that the ALJ's findings in this case "are clearly contradicted by the

subsequent decision"[6] and points out that in the earlier denial, the ALJ did not accept the

opinions of the treating physician,[7] but the later favorable decision placed "great weight" on the

same treating physician's opinions.[8] Hirst alleges an additional conflict exists in the residual

functional capacity (RFC) determinations regarding his need to use a cane. In the earlier

decision, the ALJ did not mention a cane option in the RFC determination. Yet in the subsequent

decision's RFC analysis includes an option to use a cane,[9] and the ALJ noted that Hirst was

prescribed a walking cane in 2008.[10] Hirst claims that the cane prescribed in 2008 "is clearly

within the time frame looked at by the ALJ in the decision that is the subject of the instant case,

---

[5] Social Security Administration, Hearings, Appeals and Litigation Law Manual (HALLEX) I-4-2-101(I)(A).

[6] Motion at 3.

[7] R. 16.

[8] Approval Decision, October 28, 2010, docket no. 18-1, attached as exhibit 1 to Motion.

[9] *Id.* at 4.

[10] *Id.* at 5.

and again clearly creates a conflict that must be resolved."[11]  Due to the conflicts with the two

decisions, Hirst requests supplemental briefing under Rule 15(d).[12]

The Commissioner argues that because this is a Social Security case, Hirst cannot rely on

Rule 15(d) to supplement the record.  Using Rule 15(d) in this case, would mean that Hirst is

asking the court to accept evidence outside of the record that was not presented to the

Commissioner.  "Such an approach would be contrary to the structure of the Acts, which call for

judicial review of the Commissioner's decision."[13]  Instead, to reconcile the two decisions, Hirst

should request a remand under sentence six of 42 U.S.C. § 405(g),[14] which states:

> The court may . . . at any time order additional evidence to be taken before the
> Commissioner of Social Security, but only upon a showing that there is new
> evidence which is material and that there is good cause for the failure to
> incorporate such evidence into the record in a prior proceeding.[15]

Sentence six allows the court to remand the case to the agency without ruling on the

merits when "new and material evidence comes to light, and there is good cause for failing to

incorporate such evidence in the earlier proceeding."[16]  A remand may be appropriate when new

---

[11]Motion at 4.

[12]Fed. R. Civ. P. 15(d) ("On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented.").

[13]*McDonald v. Soc. Sec. Admin. Comm'r,* No. 09-cv-473-JAW, 2010 WL 2680338, at *3 (D. Me. June 30, 2010).

[14]*See Bass v. McMahon,* 499 F.3d 506, 513 (6th Cir. 2007) ("the only method to have new evidence considered [in a Social Security case] is to ask for a sentence six remand under 42 U.S.C. § 405(g)").

[15]42 U.S.C. § 405(g).

[16]*Nguyen v. Shalala*, 42 F.3d 1400, 1403 (10th Cir. 1994).  *See also* 20 C.F.R. § 404.970 (evidence is new and material if it relates to the period on or before the date of the ALJ's decision).

evidence shows "that the findings relate back to the period on or before the date of the ALJ's decision."[17]  Accordingly, the court will not permit supplemental briefing under Rule 15(d) in this case, but will instead consider the parties arguments under the standards set forth in sentence six of section 405(g).

## 1.  Time Period Overlap

Hirst argues that the subsequent decision that found him disabled three days prior to the decision in this case "presents a clear conflict on its face,"[18] and violates the agency's own procedures.[19]  The Commissioner asserts that the time periods do not overlap because "while the subsequent decision states that it covers the time period beginning March 28, 2009, the decision also states that it addresses the time period beginning 'one day after a previous denial by another judge (that case is presently on appeal as noted below).'"[20]  The Commissioner argues that this shows that the ALJ "clearly intended to limit his decision to the time period beginning 'one day after' the ALJ decision which is presently on appeal"[21] and that any apparent time period overlap is "only a scrivener's error."[22]  But after reviewing the subsequent decision, it is clear that

---

[17]*Williams v. Barnhart*, 178 F.App'x 785, 792 (10th Cir. 2006) (citing *Chambers v. Barnhart,* 389 F.3d 1139, 1142 (10th Cir. 2004) (holding that Appeals Council must consider evidence submitted with a request for review if it is "(a) new, (b) material, and (c) related to the period on or before the date of the ALJ's decision")).

[18]Motion at 2.

[19]*See* HALLEX I-4-2-101(I)(A) ("The period at issue in such a subsequent claim is limited to the period beginning with the day after the date of the Commissioner's final decision on the prior claim.").

[20]Opposition at 3 (quoting Approval Decision at 1).

[21]*Id.*

[22]*Id.*

although the ALJ specifically cites the earlier unfavorable decision,[23] the date used for the

beginning of the disability period is consistently March 28, 2009, a specific date *before* March

31, 2009, the date of the denial in this case.[24]  Consequently, the subsequent favorable decision

finding Hirst disabled relates, at least in part, to a portion of the same time period the first

decision found he was not disabled.  Based on the limited information before the court, it appears

that this time period overlap in the two decisions creates a conflict that must be resolved at the

agency level because the claimant cannot be both disabled and not disabled during the same time

period.  Accordingly, the subsequent favorable decision awarding benefits constitutes new and

material evidence supporting a remand.[25]  Further, there is good cause for the failure to

incorporate such evidence into the prior record because the evidence did not exist at the time of

the earlier disability determination.[26]

### 2.  Evidence in Decisions

Hirst claims that both decisions use the same evidence to reach different conclusions.  He

first points to how discordant the two decisions are regarding the opinions of his treating

physician, Dr. Bench.  The first decision did not place any weight on the treating physician's

opinions and found that they were not well supported by medically acceptable findings and they

---

[23]Approval Decision at 1 (citing unfavorable decision as Exhibit B5D, pp. 1-8).

[24]*See* Approval Decision at 1, 2, 3, 8 (repeatedly listing beginning date of disability as March 28, 2009).

[25]*See Pereira v. Astrue,* No. CV-10-0014-PHX-GMS, 2011 WL 251455, at *2 (D. Ariz. Jan. 26, 2011) (finding subsequent favorable decision that overlapped time period of earlier denial required remand under sentence six).

[26]*Id.*

were not consistent with the physician's own documentary evidence.[27]  The second decision

placed great weight on the opinions and treatment records of the same treating physician.[28]

Because Dr. Bench had been Hirst's treating physician since 2007,[29] the same historical

documentary evidence and treatment notes were presumably provided in both claims.[30]

Hirst also alleges that each ALJ had the same information concerning his need to use a

cane as prescribed in 2008.  Although the cane was prescribed within the time frame of the first

decision, the ALJ did not include the use of a cane in the RFC assessment.  But the RFC

assessment in the subsequent favorable decision did include the limitation.

The Commissioner contends that the subsequent decision is based on different evidence,

that was not available during the time frame of the first decision, citing to references of a June

2009 Adult Function Report and a January 2010 surgery mentioned in the second decision.[31]

Hirst counters that, although referenced, the ALJ did not rely on this new evidence in his

favorable disability decision.[32]   Because the evidence used in the differing outcomes cannot be

fully explained by the limited information currently before the court, this uncertainty should be

addressed in further proceedings on remand.

---

[27]R. 16.

[28]Approval Decision at 6.

[29]*Id.,* R. 13.

[30]The court cannot know this for certain because the certified record for the subsequent decision is not available for review and comparison.

[31]Opposition at 4 (citing Approval Decision at 5, 6).

[32]Plaintiff's Reply to Defendant's Opposition to Motion to Submit Supplemental Brief (Reply) at 3, docket no. 20, filed November 22, 2010 (citing Approval Decision at 4).

**ORDER**

IT IS HEREBY ORDERED that Plaintiff's Motion to Submit Supplemental Brief[33] is DENIED.

IT IS FURTHER ORDERED that this case is REMANDED to the Social Security Administration under sentence six of 42 U.S.C. § 405(g) for further administrative proceedings.


DATED this 28th day of March, 2011.


BY THE COURT:

_____
DAVID NUFFER
United States Magistrate Judge

---

[33]Docket no. 18.